UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| YOLANDA JOHNSON CHAMBERS, Individually and as Personal Representative of the Estate of ROBERT M. CHAMBERS, deceased,<br><br>       Plaintiff,<br><br>v.<br><br>MICHIGAN FIRST CREDIT UNION et al.,<br><br>       Defendants. | Case No. 23-10730<br>Honorable Shalina D. Kumar<br>Magistrate Judge Kimberly G. Altman |

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 22), ADOPTING REPORTS AND RECOMMENDATIONS (ECF NOS. 20, 21), GRANTING IN PART MOTION TO DISMISS AND MOTION TO REMAND (ECF NOS. 5, 15)**

### I. Introduction

Pro se plaintiff Yolanda Johnson Chambers (Chambers), individually and as personal representative of the Estate of Robert M. Chambers, filed this action against Michigan First Credit Union, Faith Hollowell, and several other defendants, alleging a foreclosure of her home violated various federal and state laws. ECF No. 1-1. This case was referred to the magistrate judge for all pretrial matters under 28 U.S.C. § 636(b). ECF No. 10.

The magistrate judge ordered Chambers to show cause as to why the claims against Hollowell should not be dismissed. ECF No. 18. Chambers filed a response that failed to satisfy the order to show cause (ECF No. 19); the magistrate judge accordingly issued a Report and Recommendation (R&R), recommending that Hollowell be dismissed without prejudice for lack of service. ECF No. 20. Chambers filed no objections. Therefore, the Court adopts the R&R and enters it as the findings and conclusions of the Court.

Additionally, certain defendants filed a motion to dismiss (ECF No. 5), with which all other defendants concur (ECF No. 14), and Chambers filed a motion to remand (ECF No. 15). The magistrate judge issued a second R&R, which recommends granting in part each motion, resulting in dismissal of the federal law claims and remanding the remaining claims to state court. ECF No. 21. Chambers timely objected, and defendants responded. ECF Nos. 22, 23.

## II.  Standard of Review

When a party files objections to an R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to

articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the R&R releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). Absent "compelling reasons," arguments or issues that were not presented to the magistrate may not be presented in objections to the R&R. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998)).

> Moreover, objections must be clear so that the district court can discern those issues that are dispositive and contentious. In sum, the objections must be clear and specific enough that the court can squarely address them on the merits. And, when objections are merely perfunctory responses rehashing the same arguments set forth in the original petition, reviewing courts should review a Report and Recommendation for clear error.
>
> *Carroll v. Lamour*, 2021 WL 1207359, at *2 (E.D. Mich. Mar. 31,

2021) (internal citations, quotations, and marks omitted).

### III.   Analysis

In her first objection, Chambers argues that the magistrate judge erred in concluding that her Fair Housing Act (FHA) claim is time-barred

based on the 2011 acquisition of her home. Chambers appears to argue that her FHA claim is not time-barred because her FHA claim rests on the defendants' actions, which occurred after 2018.

Defendants actions after 2018 have nothing to do with Chambers' FHA claim. Chambers claimed that defendants violated 42 U.S.C. § 3604 of the FHA, but as the magistrate judge noted, § 3604 "relates to acquiring a home." *Eva v. Midwest Nat'l Mortg. Bank*, 143 F. Supp. 2d 862, 886 (N.D. Ohio 2001). Chambers' only allegation about acquiring her home is that her late-husband acquired the mortgage on the home in 2011. *See* ECF No. 1-1, PageID.10. Because the subject property was purchased in 2011, Chambers' FHA claim, brought in 2023, is barred by the FHA's two-year statute of limitations. *See* 42 U.S.C.§ 3613(1)(A)*;* ECF No. 1-1. Accordingly, the Court overrules Chambers' first objection.

Chambers' other objections are improper. She asserts as part of her first and second objections that she is entitled to provide evidence for her claims and their dismissal would be premature; she also asserts as her third and fourth objections that "the Court cannot rule out Congress's intent." ECF No. 22, PageID.350. These objections fail to object to a specific conclusion in the R&R, present new issues not presented to the magistrate judge, and in any case are too conclusory for the Court to

address them on the merits. *See Thomas*, 474 U.S. at 149; *Murr*, 200 F.3d at 902 n.1; *Carroll*, 2021 WL 1207359, at *2. The R&R fairly assesses the issues in this matter to recommend that, rather than dismiss all claims, the Court decline supplemental jurisdiction over and remand Chambers' state law claims, thereby affording Chambers' another chance to be heard in state court. Accordingly, the Court overrules the remaining part of Chambers' first objection, as well as her second, third, and fourth objections.

## IV. Conclusion

The Court **OVERRULES** Chambers' objections (ECF No. 22) and **ADOPTS** the magistrate judge's R&Rs as the findings and conclusions of the Court. ECF Nos. 20, 21.

Accordingly, **IT IS ORDERED** that defendant Hollowell is **DISMISSED WITHOUT PREJUDICE**. **IT IS FURTHER ORDERED** that the motion to dismiss (ECF No. 5) and the motion to remand (ECF No. 15) are **GRANTED IN PART** and **DENIED IN PART**. Chambers' federal law claims (Counts I, II, III, and IV) are **DISMISSED**. Her state law claims (Counts V and VI) and requests for injunctive and declaratory relief (Count VII) are **REMANDED** to the Wayne County Circuit Court.

Dated: March 27, 2024

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge